D. EDWARD HAYS, #162507
ehays@marshackhays.com
ASHLEY M. TEESDALE, #289919
ateesdale@marshackhays.com
MARSHACK HAYS LLP
870 Roosevelt
Irvine, California 92620
Telephone: (949) 333-7777
Facsimile: (949) 333-7778

Attorneys for Chapter 7 Trustee,
RICHARD A. MARSHACK

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION

| | |
|---|---|
| In re | Case No. 8:14-bk-17399-CB |
| ILANGOVAN KUPPUSAMY and RANJANI ILANGOVAN KRISHNAN, | Chapter 7 |
| Debtors. | TRUSTEE'S OPPOSITION TO DEBTORS' MOTION TO DISMISS BANKRUPTCY CASE; DECLARATION OF RICHARD A. MARSHACK |

Date:        February 10, 2015
Time:        2:30 P.M.
Ctrm.:       5D

TO THE HONORABLE CATHERINE E. BAUER UNITED STATES BANKRUPTCY COURT

JUDGE, THE OFFICE OF THE UNITED STATES TRUSTEE AND ALL INTERESTED

PARTIES:

RICHARD A. MARSHACK, in his capacity as Chapter 7 Trustee ("Trustee") of the

Bankruptcy Estate of Ilangovan Kuppusamy ("Dr. Kuppusamy") and Ranjani Ilangovan Krishnan

("Ms. Krishnan"), files this Opposition ("Opposition") to the Motion to Dismiss the Debtor,

("Motion to Dismiss") filed by Dr. Kuppusamy and Ms. Krishnan (collectively, "Debtors"), on

January 27, 2015 [Docket No. 19].

## 1.    Introduction

Chapter 7 bankruptcy cases should only be dismissed when there is no legitimate bankruptcy

purpose and where the dismissal will not prejudice creditors. In this case, the Trustee has already

filed a complaint to avoid and recover the Debtors' fraudulent transfer of their residence. Upon

avoidance and recovery, the Debtors will not be able to claim an exemption in the property pursuant

to 11 U.S.C. § 522(g). Furthermore, Debtors failed to appear at the meeting of creditors. As such,

Trustee has been unable to examine them under oath regarding possible other undisclosed assets.

This Court must decide if creditors will be prejudiced by dismissal of this case.

## 2.   Summary of Relevant Facts

On or about March 27, 2009, Debtors purchased a single family residence commonly known

as 5371 Strasbourg Avenue, Irvine, California 92604 (the "Property"). The legal description of the

Property is as follows:

"LOT 107 OF TRACT 6858, IN THE CITY OF IRVINE, COUNTY
OF ORANGE, STATE OF CALIFORNIA, AS PER MAP
RECORDED IN BOOK 257, PAGE(S) 35 TO 37 INCLUSIVE OF
MISCELLANEOUS MAPS, IN THE OFFICE OF THE COUNTY
RECORDER OF SAID COUNTY"

A.P.N. 451-011-08.

On May 27, 2013, Debtors executed a Deed of Trust pledging the Property as collateral to

secure repayment of a promissory note payable to Bank of America in the approximate amount of

$386,700. Debtors' Schedule D does not disclose any other liens against the Property. Trustee has

confirmed with First American Title that no other liens are recorded against the Property.

On November 4, 2014, a civil complaint ("Colorado Complaint") was filed in District Court

in Colorado, case no. 1:14-cv-02989-RPM ("Colorado Action"), by Dr. Presley O. Reed and

Mrs. Patricia Stacey Reed, DMP Mining, LLC, KMP Mexico, LLC, KMP International, LLC,

Trasteel Belgium Societe Anonyme, Belgiron SA, and Trasteel International S.A. (collectively,

"Colorado Plaintiffs"), against the Debtors and IRK International S.A. de C. V., alleging conversion,

fraudulent misrepresentation, contribution, and breach of contract. *See* Exhibit "1." On November 8,

2014, Debtors were personally served with the summons and complaint in the Colorado Action. See,

Exhibit "2."

On November 19, 2014, ***eleven days after being served***, Debtors executed and recorded a

quitclaim deed transferring the Property for no consideration to their son, Harikrishnan Kuppusamy

Krishnan. On November 19, 2014, the quitclaim deed was recorded. See, Exhibit "3." Trustee

1  believes that the Property is worth in excess of $800,000. As such, there was at least $415,000 in

2  equity in the Property at the time of the transfer.

3      Sometime in or about November or December, 2014, Debtors approached attorney William

4  A. Kent, seeking advice regarding the Colorado Action, and later, advice regarding filing

5  bankruptcy. See Declaration of William Kent, Dk. No. 36, ¶ 6-9 [December 2014]. *Cf*, Question 9 of

6  Statement of Financial Affairs and Declaration re Limited Scope of Appearance [counsel retained

7  and paid $5,000 on November 19, 2014].

8      On December 26, 2014, Debtors filed a joint voluntary petition under Chapter 7 of Title 11 of

9  the United States Code, commencing the above captioned bankruptcy case. On the same day,

10  Richard A. Marshack was appointed as the Chapter 7 Trustee.

11      The Debtors signed their Chapter 7 Petition, Schedules and Amended Schedules, Statements

12  of Financial Affairs and other documents filed with the Court under penalty of perjury, representing

13  that all information included on these documents was true and correct. All required documents were

14  filed on the petition date.

15      Debtors' Schedules disclose $62,300 in assets, $61,238.55 in secured debt, and

16  $19,591,882.96 in unsecured non-priority claims.

17      In their Schedule A, Debtors acknowledge that they no longer own any real property. In

18  response to Question 10 on the Statement of Financial Affairs ("SOFA"), entitled "Other Transfers,"

19  Debtors disclose their transfer of the Property to their son on November 18, 2014: "Debtor [sic] has

20  transferred property to his son Harikrishnan Kuppusamy Krishnan to alleviate himself from the

21  monthly payments. Harikrishnan Kuppusamy Krishnan has assumed the debtor's [sic] mortgage

22  obligations."

23      On January 4, 2015, at Dk. No. 12, Debtors filed an Amended Schedule F, which lists a total

24  of $19,678,882.96 in unsecured non-priority claims. Debtors did not mark any of the listed claims as

25  disputed.

26      On Friday, January 23, 2015, Debtors filed a handwritten Notice of Discharge of Counsel,

27  indicating a desire to represent themselves in *pro per*. The same day, attorney Naren Chaganti

28  contacted the Trustee on Debtors' behalf. Mr. Chaganti requested an immediate meeting with

TRUSTEE'S OPPOSITION TO DEBTORS' MOTION TO DISMISS DEBTOR

1  Trustee's counsel. On Monday, January 26, 2015, Mr. Chaganti met with Ed Hays and Ashley

2  Teesdale at the offices of Marshack Hays LLP. Trustee was present for a portion of the meeting.

3  On January 27, 2015, Trustee filed a complaint to avoid and recover Debtors' transfer of the

4  Property to their son, which case was assigned Adversary Case No. 8:15-ap-01027-CB. Trustee

5  believes that the fair market value of the property is in excess of $800,000 and that the only lien

6  against the Property secures a loan in the amount of $386,700.  As such, Trustee believes that the

7  adversary proceeding will result in a recovery in excess of $415,000.

8  On January 27, 2015, Debtors filed the present Motion to Dismiss, at Dk. No. 19. Debtors

9  failed to set a hearing on the motion and failed to serve notice of the motion.

10  On January 29, 2015, Debtors filed, in the main bankruptcy case as Dk. No. 22, a motion to

11  dismiss Chapter 7 Trustee's adversary Complaint and discharge Mr. Marshack as Chapter 7 Trustee

12  ("Motion to Dismiss Complaint"). Trustee will separately file opposition to the Motion to Dismiss

13  Complaint.

14  On February 3, 2015, Debtors failed to appear at their Section 341(a) meeting of creditors.

15  Trustee, Trustee's counsel, and three creditors appeared.

16  **3.     Legal Argument**

17  Debtors do not have an absolute right to dismiss a case once it has been filed; a Court may

18  only dismiss a case under chapter 7 "after notice and a hearing and only for cause." 11 U.S.C.

19  § 707(a). Section 707(a) provides a non-exclusive list of grounds for dismissal: 1) unreasonable

20  delay by the debtor that is prejudicial to creditors; 2) nonpayment of required fees or charges; and

21  3) failure to file schedules and statements. Outside of this list, "cause" under § 707(a) depends on the

22  totality of the circumstances. *In re Kaur*, 510 B.R. 281, 285 (Bankr. E.D. Cal. 2014). "[A] voluntary

23  Chapter 7 debtor is entitled to dismissal of his case so long as such dismissal will cause no 'legal

24  prejudice' to interested parties." *Id.* at 286 (*quoting Leach v. United States (In re Leach),* 130 B.R.

25  855, 857 (9th Cir. BAP 1991)); *In re Bartee*, 317 B.R. 362, 366 (9th Cir. BAP 2004).

26  *In re Kaur* defines legal prejudice as "prejudice to some legal interest, some legal claim,

27  some legal argument," but notes that "the issue of prejudice may be evaluated using both legal and

28  equitable considerations." *In re Kaur*, 510 B.R. 281, 286 (Bankr. E.D. Cal. 2014) (internal citations

TRUSTEE'S OPPOSITION TO DEBTORS' MOTION TO DISMISS DEBTOR

1  and quotation marks omitted) (*citing Westlands Water Dist. v. United States,* 100 F.3d 94, 97 (9th

2  Cir.1996); *Hickman v. Hana (In re Hickman)*, 384 B.R. 832, 840 (9th Cir. BAP 2008)). "Debtors

3  bear the burden to prove dismissal would not prejudice their creditors." *In re Bartee*, 317 B.R. 362,

4  366 (9th Cir. BAP 2004).

## A.   Debtors have not established cause to dismiss the case.

6  Debtors fail to cite any statutory authority in support of their motion to dismiss. None of the

7  three "causes" listed in the statute have been asserted.[1] It appears that Debtors make two assertions

8  as cause to justify dismissal. First, Debtors state that "the petition was filed on December 26, 2014

9  by mistake without full understanding." Debtors have not proved, by a totality of the circumstances,

10  that they did not intend to file bankruptcy. On the contrary, the Debtors' petition and schedules and

11  the declarations of William Kent [Dk. No. 36] and Gabriela Kent [Dk. No. 37] and attached

12  documents, contradict the Debtors' assertion that they did not understand they were filing

13  bankruptcy.

14  Debtors each signed every place where a debtor's signature is called for on the bankruptcy

15  petition, schedules, statements, and other required forms filed as Dk. No. 1, including but not limited

16  to the following:

17  1)   Both Debtors signed the bankruptcy petition, where the form affirms that "I declare

18  under penalty of perjury that the information provided in this petition is true and

19  correct . . . I am aware that I may proceed under chapter 7, 11, 12, or 13 of title 11,

20  United States Code, understand the relief available under each such chapter, and

21  choose to proceed under chapter 7." Dk. No. 1.

22  2)   The Debtors each signed Exhibit D – Individual Debtor's Statement of Compliance

23  with Credit Counseling Requirement, and checked box number 1, which explicitly

24  references "the filing of my bankruptcy case" and asserts the individual debtor has

---

[1] To the extent that failing to appear at the initial § 341(a) meeting of the creditors constitutes cause to dismiss the case under LBR 1017-2(b), the Trustee contends the Debtors may purposefully have missed the case and asserts that there are assets to be distributed; Trustee thus respectfully requests the court not dismiss the case.

TRUSTEE'S OPPOSITION TO DEBTORS' MOTION TO DISMISS DEBTOR

265499v1/1015-082

1    received credit counseling. Dk. No. 1. The certificates of credit counseling for each

2    Debtor were filed on December 28, 2014, at Dk. Nos. 5 and 6.

3    3)    Debtors both signed the Notice of available Chapters, affirming that the Debtors have

4    received and read the Notice. Dk. No. 1.

5    4)    Each Debtor signed the Declaration concerning Debtor's Schedules, dated December

6    17, 2014, declaring "under penalty of perjury that [the Debtor] has read the foregoing

7    summary and schedules, . . . and that they are true and correct to the best of my

8    knowledge information and belief." Dk. No. 1.

9    5)    Both Debtors signed the Statement of Financial Affairs, dated December 17, 2014,

10    declaring "under penalty of perjury that I have read the answers contained in the

11    foregoing statement of financial affairs and any attachments thereto and that they are

12    true and correct." Dk. No. 1.

13    6)    Both Debtors signed their approval of the Declaration re: limited scope of

14    appearance, which stated that William Kent would provide services including

15    preparing and filing the petition and schedules. Dk. No. 1.

16    7)    Both Debtors and William Kent signed the Electronic Filing Declaration, declaring

17    under penalty of perjury that the documents filed are true, correct and complete, and

18    that the attorney is authorized to file the electronic version of the filed document.

19    In addition to signing under penalty of perjury throughout, Debtors, via email, gave explicit

20  permission for Mr. Kent to file the bankruptcy. See Exhibit A, attached to the Declaration of

21  Gabriela Kent aka Gabriela Prokisova, filed on February 4, 2014 ("Declaration of Ms. Kent")

22  [Docket No. 37]. Finally, it appears that Debtors are not uneducated. In e-mails to Gabriela Kent, Dr.

23  Kuppusamy's e-mail signature lists that he has a Ph.D. and is President and CEO of Nanofold, Inc.

24  See Exhibits A and B, attached to the Declaration of Ms. Kent. These are highly educated people. It

25  would be an abuse of the bankruptcy system to allow dismissal of this case given that the Trustee

26  likely will be able to avoid and recover Debtors' fraudulent transfer and make distributions to

27  creditors.

28  / / /

TRUSTEE'S OPPOSITION TO DEBTORS' MOTION TO DISMISS DEBTOR

265499v1/1015-082

1   Second, Debtors assert that they "feel that they can resolve their financial affairs with

2   creditors without the aid of proceedings under the Bankruptcy Code." Motion to Dismiss, ¶ 2.

3   Chapter 7 debtor's ability to repay all creditors outside of bankruptcy is not cause to dismiss a

4   bankruptcy petition. *E.g.*, *In re Turpen* 244 B.R. 431, 435 (8th Cir. BAP 2000) ("It is well

5   established and supported by Legislative History that the fact that a debtor is willing and able to pay

6   his debts outside of bankruptcy does not constitute adequate cause for dismissal under section

7   707(a)."); *see* H.R. Rep. No. 95-595 to accompany H.R. 8200, 95th Cong., 1st Sess. 380 (1977).

8   Even if a debtor's ability to repay creditors outside of bankruptcy were cause to dismiss a

9   bankruptcy petition, Debtors have not met their burden to prove they actually can repay the nearly

10  $20 million in of undisputed creditor claims listed in their Schedules. Moreover, their Schedules

11  don't even reveal their financial ability to retain counsel to defend the Colorado Action. Their

12  unsupported assertion that they "feel they can resolve their financial affairs" does not constitute

13  adequate cause to dismiss their bankruptcy.

14  ## B.    Dismissal will prejudice Debtors' creditors.

15  Debtors have not met their burden to prove that creditors will not be prejudiced by dismissal.

16  Although Debtors state that dismissal is "in the best interests of debtors and their creditors," they

17  present no evidence to support this bare assertion. On the contrary, dismissal clearly will prejudice

18  creditors.

19  If this case is not dismissed, the Trustee likely will be successful in avoiding and recovering

20  Debtors' fraudulent transfer of the Property. Upon recovery, the Trustee will be able to sell the

21  Property and Debtors will not be able to claim any exemption in the proceeds. Trustee believes that

22  there is in excess of $415,000 of equity in the Property. A likelihood of recovering material assets

23  for distribution to the estate would cause prejudice to the creditors by dismissal. *See In re Fink*, 62

24  Collier Bankr. Cas. 2d (MB) 454, 2009 WL 2823734 (Bankr. N.D. Ohio 2009) (denying the debtor's

25  motion to voluntarily dismiss her Chapter 7 case because the trustee determined there was a

26  likelihood of the recovery of material assets to distribute to creditors through a post-petition

27  inheritance).

28  / / /

7

TRUSTEE'S OPPOSITION TO DEBTORS' MOTION TO DISMISS DEBTOR

1    If this case is dismissed, there is no evidence that Debtors will cause their son to return the

2  fraudulent transfer so that creditors will be able to seek payment on account of their claims.

3  Moreover, even if the Debtors do regain title to the Property, Section 522(g) will have no application

4  outside of bankruptcy. As such, Debtors may be able to orchestrate an outcome whereby they are

5  able to claim homestead exemptions in the Property to the detriment of existing creditor rights. The

6  difference in distribution to creditors constitutes prejudice to creditors to merit denial of dismissal.

7  *See, e.g.*, *In re Hall* 15 B.R. 913, 914, 917–918 (9th Cir. B.A.P. 1981); *In re Myers* 17 B.R. 410, 412

8  (Bankr. E.D. Cal. 1982).

9    There may be additional assets not yet discovered. Because Debtors failed to appear at the

10  341(a) meeting, Trustee has not been able to complete his duties under 11 U.S.C. §704. Trustee has

11  not been able to question Debtors and thus has not completed his investigation. Based on the

12  information Trustee has been able to gather to date, and without the input of the Debtors to clarify or

13  contradict this belief, Trustee believes it is likely that there are additional assets of the Estate that

14  have been transferred, concealed, or otherwise not disclosed. Debtors' failure to appear and testify in

15  response to questions of the Trustee and creditors belies their assertion that they are acting in good

16  faith.

17    Finally, one of the overriding reasons for granting relief under Chapter 7 of the Bankruptcy

18  Code is to provide for fair and equitable distribution of a debtor's assets among competing creditors.

19  *See*, *Sherwood Partners, Inc. v. Lycos, Inc.*, 394 F.3d 1198, 1203 (9th Cir. 2005) (*citing*, *Stellwagen*

20  *v. Clum*, 245 U.S. 605, 38 S.Ct. 215 (1918)); *see*, *also*, *In re Forever Green Athletic Fields, Inc.*, 500

21  B.R. 413, 425 (Bankr. E.D. Pa 2013) (indicating that, in the context of a voluntary Chapter 7

22  petition, the purpose is to prevent the collection efforts of certain creditors from gaining an

23  advantage over less diligent creditors). "A trustee has a duty to the estate's creditors to provide

24  impartial administration for their benefit." *In re Gibbons-Grable Co*., 135 B.R. by 14, 516 (Bankr.

25  N.D. Ohio 1991). It appears that the resources available to individual creditors in this case vary

26  widely. Without the Trustee administering the assets and claims of this Estate to ensure ratable

27  distributions, the proverbial race by creditors to the courthouse will resume.

28  **Any dismissal should be conditioned on Debtors' payment of administrative fees.**

TRUSTEE'S OPPOSITION TO DEBTORS' MOTION TO DISMISS DEBTOR

1    If the Court grants the Motion, then dismissal should be conditioned on Debtors' payment of

2  allowed administrative expenses. Bankruptcy courts should condition dismissal on payment of

3  allowed administrative expenses. *See, e.g.*, *In re Hall*, 15 B.R. 913, 915 (9th Cir. BAP 1981); *In re*

4  *Ng* (slip copy), 2011 WL 6133183, at *3 (Bankr. N.D. Cal. 2011); *In re Wolfe*, 12 B.R. 686, 687

5  (Bank. S.D. Ohio 1981).

6    This case has been pending for six weeks. During this time, the Trustee and his professionals

7  have taken all necessary measures to protect creditors, including the filing of the fraudulent transfer

8  action. If the Court is inclined the grant dismissal, Trustee requests that the Court set a briefing

9  schedule and a hearing on final fee applications and condition entry of an order dismissing this case

10  on payment of all allowed administrative claims.

11  **4.    Conclusion**

12    For all the foregoing reasons, Trustee respectfully requests that the Court enter an order

13  denying the motion to dismiss with prejudice. Additionally, Trustee respectfully requests that the

14  Court order Debtors to appear at the continued Section 341(a) meeting scheduled for 3:30 p.m. after

15  the hearings on these motions.

16    In the alternative, the Court is requested to set hearings on final fee applications and enter an

17  order conditioning dismissal on payment of allowed administrative claims.

18

19  DATED:  February 5, 2015                    MARSHACK HAYS LLP

20

21                                By:   */s/ Ashley M. Teesdale*
                                       _____
22                                     D. EDWARD HAYS
                                       ASHLEY M. TEESDALE
23                                     Attorneys for Chapter 7 Trustee,
                                       RICHARD A. MARSHACK
24

25

26

27

28

TRUSTEE'S OPPOSITION TO DEBTORS' MOTION TO DISMISS DEBTOR
265499v1/1015-082

# Declaration of Richard A. Marshack

I, RICHARD A. MARSHACK, say and declare as follows:

1.     I am the duly appointed Chapter 7 Trustee of the Bankruptcy Estate of Ilangovan Kuppusamy and Ranjani Ilangovan Krishnan. I have personal knowledge of the facts set forth herein, and if called upon to do so, could and would competently testify to those facts.

2.     I make this declaration in support of my Opposition to Debtors' motion to dismiss bankruptcy case.

3.     From my review of recorded documents, Debtors appear to have purchased their residence on March 27, 2009. The property is a single family residence commonly known as 5371 Strasbourg Avenue, Irvine, California 92604 (the "Property"). The legal description of the Property is as follows:

> "LOT 107 OF TRACT 6858, IN THE CITY OF IRVINE, COUNTY OF ORANGE, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 257, PAGE(S) 35 TO 37 INCLUSIVE OF MISCELLANEOUS MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY"

A.P.N. 451-011-08.

4.     From my review of recorded documents, a deed of trust executed by Debtors was recorded on May 27, 2013 pledging the Property as collateral to secure repayment of a promissory note payable to Bank of America in the approximate amount of $386,700. Debtors' Schedule D does not disclose any other liens against the Property. Information I have obtained from First American Title does not reflect any other liens recorded against the Property.

5.     My office has obtained from PACER the following information. On November 4, 2014, a civil complaint ("Colorado Complaint") was filed in District Court in Colorado, case no. 1:14-cv-02989-RPM ("Colorado Action"), by Dr. Presley O. Reed and Mrs. Patricia Stacey Reed, DMP Mining, LLC, KMP Mexico, LLC, KMP International, LLC, Trasteel Belgium Societe Anonyme, Belgiron SA, and Trasteel International S.A. (collectively, "Colorado Plaintiffs"), against the Debtors and IRK International S.A. de C. V., alleging conversion, fraudulent misrepresentation, contribution, and breach of contract. A true and correct copy of the Complaint is attached as

265499v1/1015-082

1    Exhibit "1." A true and correct copy of the proof of service filed in this case reflects Debtors were

2    served with the summons and complaint on November 8, 2014. A true and correct copy of the proof

3    of service is attached as Exhibit "2."

4           6.     On November 19, 2014, eleven days after being served, Debtors executed and

5    recorded a quitclaim deed transferring the Property for no consideration to their son, Harikrishnan

6    Kuppusamy Krishnan. On November 19, 2014, the quitclaim deed was recorded. Attached as

7    Exhibit "3" is a true and correct copy of the recorded quitclaim deed.

8           7.     Based on my review of property values in the Debtors' neighborhood, I believe that

9    the Property is worth in excess of $800,000. As such, there was at least $415,000 in equity in the

10   Property at the time of the transfer.

11          8.     In their Schedule A, Debtors acknowledge that they no longer own any real property.

12   In response to Question 10 on the Statement of Financial Affairs ("SOFA"), entitled "Other

13   Transfers," Debtors disclose their transfer of the Property to their son on November 18, 2014:

14   "Debtor [sic] has transferred property to his son Harikrishnan Kuppusamy Krishnan to alleviate

15   himself from the monthly payments. Harikrishnan Kuppusamy Krishnan has assumed the debtor's

16   [sic] mortgage obligations."

17          9.     On January 4, 2015, at Dk. No. 12, Debtors filed an Amended Schedule F, which lists

18   a total of $19,678,882.96 in unsecured non-priority claims. Debtors did not mark any of the listed

19   claims as disputed.

20          10.    On Friday, January 23, 2015, Debtors filed a handwritten Notice of Discharge of

21   Counsel, indicating a desire to represent themselves in *pro per*. The same day, attorney Naren

22   Chaganti contacted the me on Debtors' behalf. Mr. Chaganti requested an immediate meeting with

23   my attorneys. On Monday, January 26, 2015, Mr. Chaganti met with Ed Hays and Ashley Teesdale

24   at the offices of Marshack Hays LLP. I was present for a portion of the meeting.

25          11.    On January 27, 2015, I filed a complaint to avoid and recover Debtors' transfer of the

26   Property to their son, which case was assigned Adversary Case No. 8:15-ap-01027-CB.

27   / / /

28   / / /

DECLARATION OF RICHARD A. MARSHACK

12.    On February 3, 2015, Debtors failed to appear at their Section 341(a) meeting of creditors. Debtors' counsel, William Kent, my attorney Ashley Teesdale, and three creditors were present.

13.    I believe that creditors will be prejudiced by the dismissal of this case. If I am able to avoid, recover, and sell the fraudulently transferred property, creditors will receive ratable distributions and Debtors will not be able to exempt any portion of the proceeds of sale pursuant to 11 U.S.C. § 522(g).

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and that this declaration is executed on February 5, 2015, at Irvine, California.

_____
RICHARD A. MARSHACK

DECLARATION OF RICHARD A. MARSHACK

Exhibit "1"

MJ CIV PP

# U.S. District Court
## District of Colorado (Denver)
## CIVIL DOCKET FOR CASE #: 1:14-cv-02989-KLM

Reed et al v. Kuppusamy et al

Assigned to: Magistrate Judge Kristen L. Mix

Cause: 28:1332 Diversity-Conversion

Date Filed: 11/04/2014

Jury Demand: None

Nature of Suit: 370 Fraud or Truth-In-Lending

Jurisdiction: Diversity

**Plaintiff**

**Presley O. Reed**                  represented by  **Peter B. Nagel**
Peter B. Nagel, P.C.
999 Eighteenth Street
#1745
Denver, CO 80202
303-296-4840
Fax: 230-396-6007
Email: pbnagel@rmi.net
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Patricia Stacey Reed**                  represented by  **Peter B. Nagel**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**KMP Mining, LLC**                  represented by  **Peter B. Nagel**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**KMP Mexico, LLC**                  represented by  **Peter B. Nagel**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**KMP International, LLC**                  represented by  **Peter B. Nagel**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

Exhibit "1"
Page 13

**Trasteel Belgium Societe Anonyme**                 represented by    **Peter B. Nagel**
                                                                        (See above for address)
                                                                        *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Belgiron SA**                                      represented by    **Peter B. Nagel**
                                                                        (See above for address)
                                                                        *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Trasteel International S.A.**                      represented by    **Peter B. Nagel**
                                                                        (See above for address)
                                                                        *ATTORNEY TO BE NOTICED*


V.

**Defendant**

**Ilangovan Ammal Kuppusamy**

**Defendant**

**Ranjani Ilangovan Krishman**

**Defendant**

**IRK International S.A. de C.V.**


| Date Filed | # | Docket Text |
|---|---|---|
| 11/04/2014 | 1 | COMPLAINT against All Defendants (Filing fee $ 400,Receipt Number 1082-4123413)Attorney Peter B. Nagel added to party Belgiron SA(pty:pla), Attorney Peter B. Nagel added to party KMP International, LLC(pty:pla), Attorney Peter B. Nagel added to party KMP Mexico, LLC(pty:pla), Attorney Peter B. Nagel added to party KMP Mining, LLC(pty:pla), Attorney Peter B. Nagel added to party Patricia Stacey Reed(pty:pla), Attorney Peter B. Nagel added to party Trasteel Belgium Societe Anonyme(pty:pla), Attorney Peter B. Nagel added to party Trasteel International S.A.(pty:pla), filed by Trasteel Belgium Societe Anonyme, KMP Mining, LLC, Belgiron SA, Patricia Stacey Reed, Trasteel International S.A., KMP Mexico, LLC, KMP International, LLC. (Attachments: # 1 Summons Kuppusamy, # 2 Summons Krishman, # 3 Civil Cover Sheet)(Nagel, Peter) (Entered: 11/04/2014) |
| 11/04/2014 | 2 | Case assigned to Judge Richard P. Matsch and drawn to Magistrate Judge Boyd N. Boland. Text Only Entry (dbera, ) (Entered: 11/04/2014) |
| 11/04/2014 | 3 | SUMMONS issued by Clerk. Magistrate Judge Consent form issued pursuant to Local Rule (Attachments: # 1 Summons, # 2 Magistrate Judge Consent Form) (dbera, ) (Entered: 11/04/2014) |

Exhibit "1"
Page 14

CM/ECF - U.S. District Court:cod                    https://ecf.cod.uscourts.gov/cgi-bin/DktRpt.pl?980073372374343-L_1_0-1

| 11/04/2014 | 4 | MEMORANDUM RETURNING CASE for reassignment by Senior District Judge Richard P. Matsch. (jsmit) (Entered: 11/04/2014) |
|---|---|---|
| 11/04/2014 | 5 | CASE REASSIGNED. pursuant to 4 Memorandum Returning Case. This case is reassigned to Magistrate Judge Kristen L. Mix. All future pleadings should be designated as 24-cv-02989-KLM-BNB. (Text Only Entry) (jsmit) (Entered: 11/04/2014) |
| 11/04/2014 | 6 | Magistrate Judge Consent Form issued pursuant to Magistrate Judge Pilot Project to Assign Civil Cases to Full Time Magistrate Judges (jsmit) (Entered: 11/04/2014) |
| 11/06/2014 | 7 | ORDER Setting Scheduling/Planning Conference; Scheduling Conference set for 2/24/2015 10:30 AM in Courtroom C204 before Magistrate Judge Kristen L. Mix, by Magistrate Judge Kristen L. Mix on 11/6/14. (Attachments: # 1 Attachment 1, # 2 Attachment 2) (morti, ) (Entered: 11/06/2014) |
| 12/01/2014 | 8 | SUMMONS Returned Executed by All Plaintiffs. Ilangovan Ammal Kuppusamy served on 11/8/2014, answer due 12/1/2014. (Nagel, Peter) (Entered: 12/01/2014) |
| 12/01/2014 | 9 | SUMMONS Returned Executed by All Plaintiffs. Ranjani Ilangovan Krishman served on 11/8/2014, answer due 12/1/2014. (Nagel, Peter) (Entered: 12/01/2014) |
| 12/08/2014 | 10 | MOTION for Entry of Default as to *Ilangovan Ammal Kuppusamy and Ranjani Ilangovan Krishman* by Plaintiffs Belgiron SA, KMP International, LLC, KMP Mexico, LLC, KMP Mining, LLC, Patricia Stacey Reed, Presley O. Reed, Trasteel Belgium Societe Anonyme, Trasteel International S.A.. (Attachments: # 1 Affidavit of Peter B. Nagel)(Nagel, Peter) (Entered: 12/08/2014) |
| 12/10/2014 | 11 | Clerk's ENTRY OF DEFAULT as to Ranjani Ilangovan Krishman, Ilangovan Ammal Kuppusamy re 10 MOTION for Entry of Default as to Ilangovan Ammal Kuppusamy and Ranjani Ilangovan Krishman, by Clerk. Text Only Entry (morti, ) (Entered: 12/10/2014) |

| PACER Service Center | | |
|---|---|---|
| Transaction Receipt | | |
| 02/05/2015 17:56:44 | | |
| **PACER Login:** mh4052870:3453976:0 | **Client Code:** | Guthrie |
| **Description:** Docket Report | **Search Criteria:** | 1:14-cv-02989-KLM |
| **Billable Pages:** 3 | **Cost:** | 0.30 |

Exhibit "1"
Page 15

Exhibit "2"

AO 440 (Rev. 06/12) Summons in a Civil Action (Page 2)

Civil Action No.   14-CV-02989 ~~RPM~~-BNB
                      KL

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)*   Ilangovan Kuppusamy Ammal

was received by me on *(date)*           11/04/2014         .

☑ I personally served the summons on the individual at *(place)*   5371 Strasbourg Avenue, Irvine, CA 92604

on *(date)*         11/08/2014      ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)*

, a person of suitable age and discretion who resides there,

on *(date)*                        , and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)*                                     , who is

designated by law to accept service of process on behalf of *(name of organization)*

on *(date)*                  ; or

☐ I returned the summons unexecuted because                                          ; or

☐ Other *(specify):*


My fees are $      0.00      for travel and $     75.00     for services, for a total of $     75.00     .

I declare under penalty of perjury that this information is true.

Date:      11/08/2014

                                        _____
                                              *Server's signature*

                                        Yvette Hemmens, Process Server for Orange County
                                              *Printed name and title*

                                        2151 Michelson Drive, Suite 295
                                        Irvine, California 92612

                                        _____
                                              *Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 12/09)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

District of Colorado

| | | |
|---|---|---|
| PRESLEY O. REED, et al. | ) | |
| _____ | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.   14-cv-02989 RPM-BNB |
| ILANGOVAN KUPPUSAMY AMMAL et al. | ) | |
| _____ | ) | |
| *Defendant* | ) | |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

> Ilangovan Kuppusamy Ammal
> 5371 Strasbourg Avenue,
> Irvine, California 92604

        A lawsuit has been filed against you.

        Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

> Peter B. Nagel
> Peter B. Nagel, P.C.
> 999 Eighteenth Street, Suite 1745
> Denver, Colorado 80202

        If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date:       11/04/2014                                            s/D. Berardi
                                                        *Signature of Clerk or Deputy Clerk*

**Exhibit "2"**
**Page 17**

Case 1:14-cv-02989-KLM    Document 8    Filed 12/01/14    USDC Colorado    Page 3 of 3

# CERTIFICATE OF MAILING

I certify that on this 1st day of December, 2014, I placed a true and correct copy of the foregoing **PROOF OF SERVICE** in the United States mail, postage prepaid, addressed to the following:

Ilangovan Kuppusamy Ammal
5371 Strasbourg Avenue,
Irvine, California 92604

/s/ Peter B. Nagel
Peter B. Nagel

AO 440 (Rev. 06/12) Summons in a Civil Action (Page 2)

Civil Action No.   14-CV-02989 ~~RPM~~-BNB
                                     KL

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)*   Ranjani Ilangovan Krishman

was received by me on *(date)*        11/04/2014        .

☑ I personally served the summons on the individual at *(place)*   5371 Strasbourg Avenue, Irvine, CA 92604

on *(date)*        11/08/2014        ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)*

, a person of suitable age and discretion who resides there,

on *(date)*                        , and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)*                                        , who is

designated by law to accept service of process on behalf of *(name of organization)*

on *(date)*                        ; or

☐ I returned the summons unexecuted because                                        ; or

☐ Other *(specify):*


My fees are $     0.00     for travel and $     25.00     for services, for a total of $     25.00     .

I declare under penalty of perjury that this information is true.

Date:     11/08/2014

                                 *Server's signature*

                    Yvette Hemmens, Process Server for Orange County
                                 *Printed name and title*

                         2151 Michelson Drive, Suite 295
                         Irvine, California 92612

                                 *Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 12/09)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

District of Colorado

| | |
|---|---|
| PRESLEY O. REED, et al. | ) |
| _____ | ) |
| *Plaintiff* | ) |
| v. | ) |
| ILANGOVAN KUPPUSAMY AMMAL et al. | ) |
| _____ | ) |
| *Defendant* | ) |

Civil Action No.   14-cv-02989 RPM-BNB

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

Ranjani Ilangovan Krishman
5371 Strasbourg Avenue,
Irvine, California 92604

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

Peter B. Nagel
Peter B. Nagel, P.C.
999 Eighteenth Street, Suite 1745
Denver, Colorado 80202

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date:   11/04/2014                                  s/D. Berardi

                                            *Signature of Clerk or Deputy Clerk*

**Exhibit "2"**
**Page 20**

Case 1:14-cv-02989-KLM   Document 9   Filed 12/01/14   USDC Colorado   Page 3 of 3

## CERTIFICATE OF MAILING

      I certify that on this 1st day of December, 2014, I placed a true and correct copy of the foregoing **PROOF OF SERVICE** in the United States mail, postage prepaid, addressed to the following:

      Ranjani Ilangovan Krishman
      5371 Strasbourg Avenue,
      Irvine, California 92604

      /s/ Peter B. Nagel
      Peter B. Nagel

Exhibit "3"

RECORDING REQUESTED BY:

Order No.
Escrow No.
Parcel No.  451-011-08

AND WHEN RECORDED MAIL TO:

HARIKRISHNAN KUPPUSAMY
KRISHNAN
5371 STRASBOURG AVE.
IRVINE, CA 92604

**Recorded in Official Records, Orange County
Hugh Nguyen, Clerk-Recorder**

29.00

*$ R 0 0 0 7 1 0 7 0 4 5 $ *
2014000498409 11:54 am 11/19/14
47 414 Q01 F13    1
0.00 0.00 0.00 20.00 0.00 0.00 0.00 0.00

SPACE ABOVE THIS LINE FOR RECORDER'S USE

## QUITCLAIM DEED

THE UNDERSIGNED GRANTOR(S) DECLARE(S) THAT DOCUMENTARY TRANSFER TAX IS $ **None interfamily
Transfer**  and CITY $

☐ Computed on the consideration or value of property conveyed; OR
☐ Computed on the consideration or value less liens or encumbrances remaining at the time of sale.
☐ unincorporated area:              ☐                            and

FOR A VALUABLE CONSIDERATION, receipt of which is hereby acknowledged,

**Ilangovan Kuppusamy and Ranjani Ilangovan Krishnan,  husband and wife as Joint Tenants**

hereby REMISE, RELEASE AND QUITCLAIM to

**HARIKRISHNAN KUPPUSAMY KRISHNAN, a single man**

the real property in the City of  **Irvine** County of  **Orange**, State of California, described as:

Lot 107 of Tract 6858, in the City of Irvine, County of Orange, State of California , as per map recorded in Book
257, Page(s) 35 to 37 inclusive   of Miscellaneous Maps in the Office of the County Recorder of said County.
Excepting therefrom all oil, gas, minerals and other hydrocarbons lying below a depth of 500 feet, without the right
of surface entry, as reserved in deeds of record.

Dated   November 18, 2014

_____
Ilangovan Kuppusamy                                          Ranjani Ilangovan Krishnan
STATE OF CALIFORNIA                      }
                                         }S.S.
COUNTY OF  _Orange_                      }

On __Nov 19  2014__, before me, _Roya Tahmoresi,_ _____ a Notary Public,
personally appeared _Ilangovan Kuppusamy and Ranjani Ilangovan Krishnan_ _
who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the
within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized
capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of
which the person(s) acted, executed the instrument.I certify under PENALTY OF PERJURY under the laws of
the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _____ (Séal)

ROYA TAHMORESI
Commission # 2080684
Notary Public - California
Orange County
My Comm. Expires Sep 16, 2018

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
870 Roosevelt, Irvine, CA 92620

A true and correct copy of the foregoing document entitled (*specify*): **TRUSTEE'S OPPOSITION TO DEBTORS' MOTION TO DISMISS BANKRUPTCY CASE; DECLARATION OF RICHARD A. MARSHACK** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **February 5, 2015**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- ATTORNEYS FOR TRUSTEE: D Edward Hays     ehays@marshackhays.com, ecfmarshackhays@gmail.com
- ATTORNEYS FOR DEBTORS: William A Kent     WKENT1@COX.NET
- TRUSTEE: Richard A Marshack (TR)     pkraus@marshackhays.com, rmarshack@ecf.epiqsystems.com
- ATTORNEYS FOR CREDITOR PRESLEY O. REED: Mike D Neue     mneue@lntlaw.com, jokeefe@lntlaw.com;nlockwood@lntlaw.com
- ATTORNEYS FOR TRUSTEE: Ashley M Teesdale     ateesdale@marshackhays.com, ecfmarshackhays@gmail.com
- U.S. TRUSTEE: United States Trustee (SA)     ustpregion16.sa.ecf@usdoj.gov

☐ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) **February 5, 2015**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

| **Debtor** | **Joint Debtor** | Martin Greenbaum |
|---|---|---|
| Ilangovan Kuppusamy | Ranjani Ilangovan Krishnan | 840 Newport Center Drive, Suite 720 |
| 5371 Strasbourg Ave. | 5371 Strasbourg Ave. | Newport Beach, CA 92660 |
| Irvine, CA 92604 | Irvine, CA 92604 | |
| | | |
| Peter B. Nagel | William Lobel | |
| 999 Eighteenth Street, Suite 1745 | 840 Newport Center Drive, Suite 750 | |
| Denver, CO 80202 | Newport Beach, CA 92660 | |

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) **February 5, 2015**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

Via Personal Delivery – February 6, 2015
PRESIDING JUDGE'S COPY
Bankruptcy Judge Catherine E. Bauer
United States Bankruptcy Court - Central District of California
Ronald Reagan Federal Building and Courthouse
411 West Fourth Street, Suite 5165 / Courtroom 5D
Santa Ana, CA 92701-4593

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| February 6, 2015 | Chanel Mendoza | */s/ Chanel Mendoza* |
|---|---|---|
| Date | Printed Name | Signature |

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.