1  D. EDWARD HAYS, #162507
   ehays@marshackhays.com
2  ASHLEY M. TEESDALE, #289919
   ateesdale@marshackhays.com
3  MARSHACK HAYS LLP
   870 Roosevelt
4  Irvine, California 92620
   Telephone: (949) 333-7777
5  Facsimile: (949) 333-7778

6  Attorneys for Chapter 7 Trustee,
   RICHARD A. MARSHACK
7

8              UNITED STATES BANKRUPTCY COURT

9        CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION

10

11 In re                              Case No. 8:14-bk-17399-CB

12 ILANGOVAN KUPPUSAMY and            Chapter 7
   RANJANI ILANGOVAN KRISHNAN,
13                                     TRUSTEE'S MOTION FOR ORDER
              Debtors.                APPROVING COMPROMISE OF
14                                     CONTROVERSY BETWEEN TRUSTEE
                                       AND DEBTORS; MEMORANDUM OF
15                                     POINTS AND AUTHORITIES; AND
                                       DECLARATION OF RICHARD A.
16                                     MARSHACK IN SUPPORT

17                                     Date:  September 8, 2015
                                       Time:  2:30 p.m.
18                                     Ctrm:  5D

19 TO THE HONORABLE CATHERINE E. BAUER UNITED STATES BANKRUPTCY COURT

20 JUDGE, THE OFFICE OF THE UNITED STATES TRUSTEE AND ALL INTERESTED PARTIES:

21 **1.     Introduction and Summary of Argument**

22         Within the one year period prior to filing bankruptcy, Debtors Ilangovan Kuppusamy

23 ("Mr. Kuppusamy") and Ranjani Ilangovan Krishnan ("Ms. Krishnan") (collectively, "Debtors")

24 transferred their residence and three businesses to their son, Harikrishnan Kuppusamy Krishnan

25 ("Defendant") for little or no consideration. Richard A. Marshack, in his capacity as Chapter 7

26 Trustee for the Bankruptcy Estate of the Debtors, filed an adversary proceeding to avoid, recover, and

27 preserve the transfers of the Property and Businesses. The Defendant has signed a stipulation in favor

28 of the Trustee avoiding all transfers.

1    To facilitate turnover of possession of the property from Debtors to the Trustee and to confirm

2    the Debtors' inability to claim any exemption in the recovered assets, the Trustee entered into the

3    proposed Settlement Agreement ("Agreement") that is the subject of this motion. The agreement

4    provides confirmation from the Debtors that the Property and the Businesses are property of the

5    Estate, provides that Debtors may continue to occupy the Property so long as they make certain

6    payments for the mortgage and upkeep of the Property, and provides for turnover of the property

7    upon Debtor's breach or Trustee's request. In exchange, the Trustee is only releasing the Debtors to

8    the extent that the Estate could have recovered damages based on Debtors' post-petition occupancy of

9    the Property (while it was still in the name of their son). This Court must determine whether to

10    approve this proposed compromise which the Trustee believes avoids the uncertainty of litigation and

11    minimizes administrative expenses.

12    **2.    Statement of Pertinent Facts**

13    On December 26, 2014, Debtors filed a joint voluntary petition under chapter 7 of Title 11 of

14    the United States Code ("Petition Date") commencing Case Number 8:14-bk-17399-CB. Richard A.

15    Marshack is the duly appointed and acting chapter 7 Trustee in the Bankruptcy Case. In the year prior

16    to the Petition Date, Debtors transferred their interest, in whole or in part, in the real property

17    commonly known as 5371 Strasbourg Avenue, Irvine, California 92604 ("Property") and three

18    businesses (collectively, "Businesses"): Nanofold, Inc. ("Nanofold"), Nanowind, Inc. ("Nanowind"),

19    and Pacific Alliance Global, Inc. ("Pacific Alliance Global").

20    The Property

21    On or about March 27, 2009, Debtors purchased the Property, a single family residence. The

22    legal description of the Property is as follows:

23    "LOT 107 OF TRACT 6858, IN THE CITY OF IRVINE, COUNTY OF ORANGE,
STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 257, PAGE(S) 35

24    TO 37 INCLUSIVE OF MISCELLANEOUS MAPS, IN THE OFFICE OF THE
COUNTY RECORDER OF SAID COUNTY"

25    A.P.N. 451-011-08.

26    On May 27, 2013, Debtors executed a Deed of Trust pledging the Property as collateral to

27    secure repayment of a promissory note payable to Bank of America in the approximate amount of

28    $386,700.

285558v2/1015-082

Case 8:14-bk-17399-CB    Doc 107    Filed 08/12/15    Entered 08/12/15 15:04:22    Desc
Main Document        Page 3 of 22

1      On November 19, 2014, approximately five weeks prior to the Petition Date, Debtors

2 recorded a quitclaim deed ("Quitclaim Deed") transferring the legal title to and beneficial interest in

3 the Property to their son, Harikrishnan Kuppusamy Krishnan ("Mr. Kuppusamy Krishnan" or

4 "Debtors' Son") for no consideration ("Property Transfer").

5      The Debtors have since confirmed that no money was received in exchange for the transfer of

6 the title, and that the Bank of America lien was the only encumbrance on the Property.

7      On February 24, 2015 Debtors amended their schedules to reflect a life estate interest in the

8 Property, asserting that when they had executed the Quitclaim Deed in favor of their son they had

9 retained a life estate interest. No such reservation was provided in the Quitclaim Deed, or otherwise

10 appears in the recorded history of the Property.

11 <u>The Businesses</u>

12      In January 2014, Debtors transferred their 100% ownership in a California corporation called

13 Nanowind to Defendant, their son, for no consideration ("Nanowind Transfer").

14      In January 2014, Debtors transferred their 100% ownership interest in a California corporation

15 called Pacific Alliance Global to Defendant, their son, for no consideration ("Pacific Alliance Global

16 Transfer").

17      In August, 2014, Debtors transferred their 100% ownership interest in Nanofold, Inc. for

18 $2,500 ("Nanofold Transfer").

19 <u>Fraudulent Transfer Adversary and Settlement Agreement</u>

20      On January 27, 2015, the Trustee filed an adversary against the Debtors' Son, seeking to

21 avoid and recover Debtors' transfer of the Property ("Complaint").

22      On February 20, 2015, Mr. Kuppusamy Krishnan filed an Answer to the Complaint

23 ("Answer"), denying the material allegations in the Complaint. The Complaint was later amended to

24 include the Businesses.

25      On July 5, 2015, the Trustee and Mr. Kuppusamy Krishnan executed a Stipulation for

26 Judgment Avoiding Transfers ("Stipulation for Judgment"), which agreement provides that the

27 Transfers are avoided, recovered, and preserved for the benefit of the Estate.

28      On August 11, 2015, the Stipulation for Judgment was filed.

MOTION FOR APPROVAL OF COMPROMISE UNDER RULE 9019

285558v2/1015-082

1    However, the Stipulation for Judgment only applies to the Defendant. Rather than continue to

2    engage in costly litigation, Debtors and Trustee have agreed to compromise all issues, disputes,

3    liabilities, and claims existing between them regarding the recovery and turnover of the Property and

4    the Businesses, on the terms and conditions set forth in Agreement.

5    **3.    Summary of the Compromise**

6    The following is a brief summary of the terms of the Agreement.[1] A true and correct copy of

7    the Agreement is attached to the Marshack Declaration as Exhibit "1." Subject to Bankruptcy Court

8    approval and in consideration for the promises and releases made in the Agreement, including

9    dismissal of the Adversary Case, the Parties agree as follows:

10    3.a.    Debtors acknowledge that the Property and the Businesses are the non-exempt
            property of the Estate;

11

12    3.b.    Until Debtors turn over possession of the Property, they shall (i) pay all
            premiums necessary to insure the Property; (ii) provide to the Trustee proof that
            Trustee has been added to all insurance policies as co-loss payee, (iii) pay all
13          real property taxes; and (iv) pay all mortgage payments. Debtors shall further
            maintain the Property in good condition, including landscaping and pool
14          maintenance;

15    3.c.    To the extent that any of the payments described in ¶ 3(b) are delinquent or
            otherwise are not up to date, Debtors agree to bring current all payments by
16          August 31, 2015. From and after September 1, 2015, Debtors will keep all
            payments current until they turn possession of the Property over to the Trustee.

17

18    3.d.    Debtors acknowledge that Trustee shall have the right to market the Property
            and Businesses for sale, with any sale being subject to Court approval pursuant
            to 11 U.S.C. § 363. Debtors shall fully cooperate with Trustee's efforts to
19          market or sell the Property or Businesses;

20    3.e.    Debtors acknowledge that any Court-approved sale of the Property or
            Businesses shall be free and clear of any liens, claims, or interests they may
21          have in the assets; and

22    3.f.    Debtors shall turn over the Property and the Businesses to the Trustee within the
            earlier of 14 days after breaching any of the payment provisions of ¶ 3(b), any
23          cooperation provisions of ¶ 3(c), or the Trustee making written demand. The
            order approving this compromise shall provide that the Trustee shall be entitled
24          to obtain a writ of assistance to have the United States Marshall enforce the
            turnover provisions of this agreement. The Debtors' failure to timely turn over
25          the Property of the Businesses shall constitute cause for denial or revocation of
            discharge including pursuant to 11 U.S.C. § 727(d)(2).

26

27    _____

28    [1] All interested parties are advised to consult the Agreement for all terms and conditions. The
statements contained herein are a summary of the terms and conditions only.

285558v2/1015-082

## 4.    Legal Authority

### A.    The Court may approve a settlement of a pending controversy.

The Court has the authority to decide whether to approve a settlement of claims held by a bankruptcy estate. Notice must be given to all creditors, the United States trustee, the debtor, and indenture trustees as provided in Rule 2002 and to any other entity as the court may direct. *See* Rule 9019(a) of the Federal Rules of Bankruptcy Procedure.

It is well-established that a compromise should be approved if it is "in the best interest of the estate . . . and is fair and equitable for the creditors." *Schmitt v. Ulrich* (*In re Schmitt*), 215 B.R. 417, 424 (9th Cir. BAP 1997); *ATKN Company v. Guy F. Atkinson Company of California* (*In re Guy F. Atkinson Company*), 242 B.R. 497, 502 (9th Cir. B.A.P. 1999) ("At its base, the approval of a settlement turns on the question of whether the compromise is in the best interest of the estate."). The standards to be applied when determining whether a settlement is "fair and equitable" to creditors include:

    1)    the probability of success of the litigation on its merits;

    2)    the difficulties in collection on a judgment;

    3)    the complexity of the litigation involved; and

    4)    the expense, inconvenience or delay occasioned by the litigation, and the interest of creditors.

*In re A & C Properties*, 784 F.2d 1377, 1380-81 (9th Cir. 1986), *cert. denied*, *Martin v. Robinson*, 479 U.S. 854 (1989).

Although the Court is to consider the range of results in the litigation, "the court's assessment does not require resolution of the issues, but only their identification, so that the reasonableness of the settlement may be evaluated" (emphasis added). *In re Hermitage Inn, Inc.*, 66 B.R. 71, 72 (Bankr. D. Colo. 1986). Moreover, it is not the bankruptcy court's responsibility to decide the numerous questions of law and fact with respect to the merits of the litigation, but rather to "canvass the issues and see whether the settlement falls below the lowest point of the range of reasonableness." *In re Heissinger Resources Ltd.,* 67 B.R.. 378, 383 (C.D. Ill. 1986).

/ / /

MOTION FOR APPROVAL OF COMPROMISE UNDER RULE 9019

285558v2/1015-082

As discussed in more detail below, the proposed Agreement provides an expedient and cost effective resolution to all anticipated potential disputes between the Trustee and the Debtors regarding and arising from the transfers, turnover, and sale of the Property and the Businesses. The Agreement provides a substantial benefit to creditors while avoiding the costly and time-consuming litigation. The Trustee believes that the proposed Agreement will provide unencumbered funds for the benefit of the Estate and is in the best interest of all creditors of the Estate.

### i.      Probability of success of litigation.

The probability of success in this litigation element weighs in favor of approving the Agreement. Without the Agreement, the Trustee potentially need to commence litigation under § 542 for turnover of the Property and the Businesses and under § 522(g) for denial of any homestead exemption claimed in the Property or exemption claimed in the Businesses. Further, without the Agreement, the Trustee would need to go through a formal eviction process to remove the Debtors from the Property.

While the Trustee is confident that his position is well-founded, there is always a risk of loss in any litigation. The outcome of the issues is uncertain, and counsel for the Trustee and Defendants respectfully disagree on the likely result of the Adversary Case. In order to avoid the risk of an unfavorable outcome and to minimize the administrative costs of the Estate, the Trustee has exercised his business judgment by deciding to enter the proposed Agreement. In short, settlement ensures a meaningful distribution is made in this case.

### ii.      Difficulty in collection of judgment.

In this case, in the absence of the Agreement, the Trustee would be required to seek an order requiring the Debtors to turn over the Property to the Estate. Then, the Trustee would potentially be required to have the United States Marshal evict the Debtors using a Writ of Assistance. The Agreement provides the Trustee with the Property without the difficulty of obtaining it through litigation. As such, this factor weighs in favor of approving the Agreement.

### iii.      Complexity of litigation involved.

Should further litigation be necessary in this matter, the Trustee believes that while the legal issues are not substantively complex, development of the necessary evidence could be. Because the

MOTION FOR APPROVAL OF COMPROMISE UNDER RULE 9019

285558v2/1015-082

1 evidentiary burden is on the Trustee, litigation of relatively simple legal issues could become

2 expensive and protracted thereby diluting any recovery ultimately obtained by the Trustee for the

3 benefit of the Estate. Moreover, there is no certainty that the result from continued litigation would be

4 better than the settlement achieved. The Trustee has therefore determined that settlement of the matter

5 is appropriate.

6            **iv.     Expense, inconvenience or delay occasioned by litigation.**

7        The only cost to the Estate from the Agreement is that the Estate relinquishes any right it has

8 to collect rent from the Debtors for the time they have spent living in the Property since the Petition

9 Date (even though title was at all times since the Petition Date in the name of Debtor's Son). In the

10 worst case scenario, without the Agreement, Trustee would have to litigate a turnover motion, and

11 upon an order granting the turnover motion, the Trustee would then have to commence eviction

12 proceedings. Potentially, the Trustee would then not be able to properly market and sell the Property

13 until the Debtors had vacated the Property. To prevail on such litigation, the Estate will need to invest

14 substantial resources to prosecute its claims against the Debtors. The proposed Agreement, however,

15 provides certainty to creditors of the Estate, reduces expense to the Estate, will eliminate the delay

16 caused by litigation, and will result in cash that is free and clear of all encumbrances and interests.

17         **B.     The settlement is reasonable and should be approved.**

18        The Trustee believes that the Agreement is fair and reasonable and in the best interests of the

19 Estate and creditors of the Debtors for at least the following reasons:

20        1.     The settlement resolves all disputes with the Debtors surrounding the transfer,

21 turnover, and sale of the Property and the Businesses, thus reducing litigation expenses;

22        2.     The settlement avoids the risk of an unfavorable outcome pursuant to which the Estate

23 could potentially recover nothing for the benefit of creditors and therefore would have no assets to

24 distribute to creditors; and

25        3.     Resolving this dispute in the proposed manner will result in the Estate maximizing

26 limited resources for the benefit of creditors by avoiding unnecessary litigation costs.

27 The Trustee has therefore determined, in his business judgment, that the proposed settlement as

28 memorialized in the Agreement represents a reasonable compromise which minimizes the risk and

285558v2/1015-082

costs of litigation while ensuring a significant recovery of assets by the Estate. Accordingly, the proposed Agreement falls well within the range of reasonableness and should be approved by the Court.

## 5. Conclusion

For the reasons stated above, the Trustee respectfully requests that the Court enter an order providing that:

1. The Motion to Approve the proposed Agreement is granted;

2. The Trustee is authorized to enter into the Agreement;

3. The Agreement attached as Exhibit "1" is approved;

4. The Trustee may execute any and all documents necessary to consummate the Agreement; and

5. Such other further relief as the Court may deem just and proper.

DATED: August 12, 2015                        MARSHACK HAYS LLP


By: /s/ Ashley M. Teesdale
D. EDWARD HAYS
ASHLEY M. TEESDALE
Attorneys for Chapter 7 Trustee,
RICHARD A. MARSHACK

MOTION FOR APPROVAL OF COMPROMISE UNDER RULE 9019

285558v2/1015-082

# Declaration of Richard A. Marshack

I, RICHARD A. MARSHACK, say and declare as follows:

1.      I am the duly appointed Chapter 7 Trustee for the Bankruptcy Estate of Ilangovan Kuppusamy and Ranjani Ilangovan Krishnan (collectively, "Debtors"). The matters stated herein are true and correct and within my personal knowledge. If called upon to testify as to the matters set forth herein, I could and would competently testify thereto.

2.      I make this declaration in support of Trustee's Motion for Order Approving Compromise of Controversy between Trustee and Ilangovan Kuppusamy and Ranjani Ilangovan Krishnan ("Motion").

3.      On December 26, 2014, Debtors filed a joint voluntary petition under Chapter 7 of Title 11 of the United States Code, commencing case no. 8:14-bk-17399-CB in the United States Bankruptcy Court for the Central District of California.

4.      On or about March 27, 2009, Debtors purchased the Property, a single family residence. The legal description of the Property is as follows:

> "LOT 107 OF TRACT 6858, IN THE CITY OF IRVINE, COUNTY OF ORANGE, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 257, PAGE(S) 35 TO 37 INCLUSIVE OF MISCELLANEOUS MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY"

A.P.N. 451-011-08.

5.      On May 27, 2013, Debtors executed a Deed of Trust pledging the Property as collateral to secure repayment of a promissory note payable to Bank of America in the approximate amount of $386,700.

6.      On November 19, 2014, approximately five weeks prior to the Petition Date, Debtors recorded a quitclaim deed ("Quitclaim Deed") transferring the legal title to and beneficial interest in the Property to their son, Harikrishnan Kuppusamy Krishnan ("Mr. Kuppusamy Krishnan") for no consideration ("Property Transfer").

7.      In 341 (a) meetings, the Debtors confirmed that no money was received in exchange for the transfer of the title, and that the Bank of America lien was the only encumbrance on the Property.

285558v2/1015-082

8.      On February 24, 2014, Debtors amended their schedules to reflect a life estate interest in the Property, asserting that when they had executed the Quitclaim Deed in favor of their son they had retained a life estate interest. No such reservation was provided in the Quitclaim Deed, or otherwise appears in the recorded history of the Property.

9.      In January 2014, Debtors transferred their 100% ownership in a California corporation called Nanowind to Defendant, their son, for no consideration ("Nanowind Transfer").

10.     In January 2014, Debtors transferred their 100% ownership interest in a California corporation called Pacific Alliance Global to Defendant, their son, for no consideration ("Pacific Alliance Global Transfer").

11.     In August, 2014, Debtors transferred their 100% ownership interest in Nanofold, Inc. for $2,500 ("Nanofold Transfer").

12.     On January 27, 2015, I filed an adversary against the Debtors' Son, seeking to avoid and recover Debtors' transfer of the Property.

13.     On February 20, 2015, Mr. Kuppusamy Krishnan, filed an Answer to the Complaint ("Answer"), denying the material allegations in the Complaint.

14.     The Complaint was later amended to include the Businesses.

15.     On July 5, 2015, Mr. Kuppusamy Krishnan and I, through our attorneys, executed a Stipulation for Judgment Avoiding Transfers ("Stipulation for Judgment"), which agreement provides that the Transfers are avoided, recovered, and preserved for the benefit of the Estate.

16.     On August 11, 2015, the Stipulation for Judgment was filed.

17.     Subject to the approval of this Court, I have entered into a Settlement Agreement ("Agreement") with the Debtors. A true and correct copy of the executed agreement is attached as Exhibit "1."

18.     Under the agreement, the only right the Estate has conceded is the right to collect rent from the Debtors for time they have spent living in the Property since the petition date, (even though title was at all times in the name of Debtors' Son).

/ / /

2

DECLARATION OF RICHARD A. MARSHACK

285558v2/1015-082

19.     The Estate will receive significant benefit from this agreement, summarized as follows: the Debtors have acknowledged that the Property and the Businesses are non-exempt property of the Estate; Debtors have acknowledged my right to market and sell the Business and the Property; Debtors agree to cooperate with my efforts to market and sell the Businesses and the Property; the Debtors have agreed to make all payments necessary keep the mortgage and insurance current and maintain the Property; if the Debtors breach the agreements to make payments or cooperate with the sale, as determined at my discretion, they agree to turn over the Property within two weeks of such breach or my written demand; and Debtors agree the Court's order approving this Agreement may include provisions entitling me to obtain a writ of assistance to have the United States Marshal enforce the turnover provisions of the Agreement.

20.     This Agreement will resolve a potentially contentious action under § 542 for turnover of property of the Estate because the Agreement provides clear procedures for the turnover of the Businesses and the Property.

21.     This Agreement will resolve a potentially contentious objection to claim under § 522(g) seeking to deny any homestead exemption in the Property or exemption in the Businesses that the Debtors may claim because the Agreement includes Debtors' acknowledgment that the Businesses and Property are non-exempt property of the estate.

22.     I seek to eliminate the need for costly and protracted administration of the Bankruptcy Case and believe the best interests of the Estate are served by a resolution of the dispute between the Trustee and Debtors regarding the Transfers and the sale and turnover of the Property and the Businesses. The cost of litigation could be substantial and would unnecessarily dilute any recovery obtained for the benefit of the Estate. Moreover, there is no certainty that the result from continued litigation would be better than the Agreement achieved.

23.     In evaluating the proposed Agreement, my counsel and I have taken into account the probability of success of litigation, the complexity of the litigation involved and the expenses, inconvenience, and delay necessarily resulting from such litigation, as well as the interests of creditors of the Estate. I have determined that the fees and costs to litigate would be extensive and could outweigh any additional benefit that the Estate might achieve.

DECLARATION OF RICHARD A. MARSHACK

24.    I have evaluated the proposed Agreement and in my business judgment and experience as a Trustee, I believe that the Agreement is fair and reasonable and in the best interests of the Estate and the creditors of the Debtors.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and that this declaration is executed on August 11, 2015, at Irvine, California.

RICHARD A. MARSHACK
Chapter 7 Trustee for the Estate of
ILANGOVAN KUPPUSAMY and
RANJANI ILANGOVAN KRISHNAN

4

DECLARATION OF RICHARD A. MARSHACK

Exhibit "1"

## Settlement Agreement and Limited Release

This SETTLEMENT AGREEMENT AND LIMITED RELEASE ("Agreement") is entered into as of July __, 2015, by and between Plaintiff and Chapter 7 Trustee, RICHARD A. MARSHACK ("Plaintiff" or "Trustee"), and ILANGOVAN KUPPUSAMY and RANJANI ILANGOVAN KRISHNAN ("Debtors") (collectively, "Parties"), as follows:

## Recitals

A.    On December 26, 2014, Debtors filed a voluntary petition under Chapter 7 of Title 11 of the United States Code ("Petition Date").

B.    Richard A. Marshack is the duly appointed and acting Chapter 7 Trustee ("Trustee").

C.    On November 19, 2014, approximately five weeks prior to the Petition Date, Debtors transferred the legal title to and beneficial interest in the real property commonly known as 5371 Strasbourg Avenue, Irvine, California 92604 ("Property"), to their son, Harikrishnan Kuppusamy Krishnan ("Defendant") for no consideration.

D.    On January 27, 2015, Trustee filed a complaint to avoid and recover Debtors' transfer of the Property to Defendant.

E.    At the 341(a) meeting of creditors conducted on February 10, 2015, Debtors testified that they transferred three companies ("Businesses") to Defendant for little or no consideration within the one year prior to bankruptcy: Nanofold, Inc. in August 2014 for $2,500; and Nanowind, Inc. and Pacific Alliance Global, Inc. in January 2014 for no consideration.

F.    On February 20, 2015, Defendant, through his attorney David Lally, filed an Answer to the Complaint ("Answer"), denying the material allegations in the Complaint.

G.    On March 13, 2015, Plaintiff filed a Motion to Amend Complaint and a Proposed Amended Complaint seeking to avoid, recover, and preserve the transfers of the Businesses. Debtors' transfers of the legal title to and beneficial interests in the Property and the Businesses are collectively referred to as the "Transfers."

H.    On March 27, 2015, Plaintiff and Defendant executed and filed a Stipulation for Leave to File the First Amended Complaint ("Stipulation for Leave to Amend").

On March 30, 2015, the Court entered an order approving the Stipulation for Leave to Amend.

I.    On July 5, 2015, Defendant executed a Stipulation for Judgment Avoiding Transfers ("Stipulation for Judgment"), which agreement provides that the Transfers are avoided, recovered, and preserved for the benefit of the Estate.

Page 1 of 7

Exhibit "1"
Page 13

## Agreement

NOW, THEREFORE, in consideration of the foregoing Recitals and of the mutual agreements, covenants, and releases set forth herein, and for other good and valuable consideration, the sufficiency and adequacy of which is acknowledged by the Parties, the Parties agree as follows:

1. **Incorporation of Recitals.** The foregoing Recitals are incorporated by reference as though set forth in full and are acknowledged by the Parties to be material representations which form the basis of this Agreement.

2. **Rules of Construction.** Each Party acknowledges that it has participated in the drafting of this Agreement and reviewed the terms of the Agreement and, as such, no rule of construction shall apply in any interpretation of this Agreement which might result in this Agreement being construed in favor or against either of them, including without limitation, any rule of construction to the effect that ambiguities ought to be resolved against the drafting Party.

3. **Settlement.** It is the intention of the Parties to compromise and fully resolve all issues, disputes, liabilities, and claims existing between them regarding the Property and Businesses. In furtherance of this objective, the Parties agree, subject to Court approval, as follows:

   a. Debtors acknowledge that the Property and the Businesses are the non-exempt property of the Estate;

   b. Until Debtors turn over possession of the Property, they shall (i) pay all premiums necessary to insure the Property; (ii) provide to the Trustee proof that Trustee has been added to all insurance policies as co-loss payee, (iii) pay all real property taxes; and (iv) pay all mortgage payments. Debtors shall further maintain the Property in good condition, including landscaping and pool maintenance;

   c. To the extent that any of the payments described in ¶ 3(b) are delinquent or otherwise are not up to date, Debtors agree to bring current all payments by August 31, 2015. From and after September 1, 2015, Debtors will keep all payments current until they turn possession of the Property over to the Trustee.

   d. Debtors acknowledge that Trustee shall have the right to market the Property and Businesses for sale, with any sale being subject to Court approval pursuant to 11 U.S.C. § 363. Debtors shall fully cooperate with Trustee's efforts to market or sell the Property or Businesses;

   e. Debtors acknowledge that any Court-approved sale of the Property or Businesses shall be free and clear of any liens, claims, or interests they may have in the assets; and

279397v3/1015-082.1

     f.    Debtors shall turn over the Property and the Businesses to the Trustee within the earlier of 14 days after breaching any of the payment provisions of ¶ 3(b), any cooperation provisions of ¶ 3(c), or the Trustee making written demand. The order approving this compromise shall provide that the Trustee shall be entitled to obtain a writ of assistance to have the United States Marshall enforce the turnover provisions of this agreement. The Debtors' failure to timely turn over the Property of the Businesses shall constitute cause for denial or revocation of discharge including pursuant to 11 U.S.C. § 727(d)(2).

4.    **Bankruptcy Court Approval Required.** The Parties acknowledge and agree that Bankruptcy Court approval of this Agreement is a necessary condition precedent to its effectiveness. The Trustee shall file and serve a noticed motion within seven days after execution of this Agreement seeking entry of an order approving this compromise pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure. Such motion shall also include points and authorities supporting the Trustee's abandonment of the property and claims identified in this Agreement.

5.    **Capacity of Trustee.** Richard A. Marshack is signing this Agreement in his capacity solely as the Chapter 7 Trustee of the bankruptcy estate of Ilangovan Kuppusamy and Ranjani Ilangovan Kuppusamy. Nothing contained in this Agreement shall in any way impute liability to Richard A. Marshack personally or anyone acting on his behalf, including but not limited to counsel for the bankruptcy estate of Ilangovan Kuppusamy and Ranjani Ilangovan Kuppusamy, Marshack Hays LLP.

6.    **Standing & Surplus.** Trustee does not believe this will be a surplus estate and thus does not stipulate that Debtors will have standing to object to claims. However, Debtors may draft and submit to the Trustee objections to any claims filed. If the Trustee finds the objection to have merit, the Trustee will file the objection.

7.    **Civil Code Waiver.** Each party to this Agreement realizes that there may exist at this time claims and/or causes of action herein released that are not known to the party releasing the same or the nature of which has not yet been discovered. It is expressly understood and agreed by all parties that the possibility that such claims and/or causes of action may exist has been explicitly taken into account by them in determining the consideration to be given by the parties to this Agreement. Accordingly, the parties hereby specifically waive to the fullest extent permitted by law the provisions of California Civil Code § 1542, which provides as follows:

**"A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH A CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR."**

Page 3 of 7

279397v3/1015-082.1

8.     **Reliance**. The Parties, and each of them, understand the meaning of this Agreement and expressly consent that this Agreement shall be given full force and effect according to each and all of its express terms and provisions. The Parties acknowledge that they have relied solely upon their own judgment, belief and knowledge of the existence, nature and extent of each claim, demand, or claim for relief that each party may have against each other, and that each such Party has not been influenced to any extent in entering into this Agreement by any representation or statement regarding such claim, demand or claim of relief made by any other Party hereto. The Parties have such investigation of the facts pertaining to the releases contained herein as they deem necessary. The terms of this Agreement are contractual and are the result of negotiation among the Parties; in interpreting this Agreement, no rule of construction shall be applied whereby an ambiguity is construed against the Party who drafted the Agreement. This Agreement has been carefully read by each of the Parties and the contents thereof are known and understood by each of the Parties. This Agreement is signed freely by each Party executing it.

9.     **General Provisions**.

a.     **Severability**. If any portion of this Agreement is declared by a court of competent jurisdiction to be invalid or unenforceable, such portion shall be deemed severed from the Agreement, and the remaining parts shall remain in full force and effect as if no such invalid or unenforceable provision had been a part of the Agreement and, to the extent necessary, this Agreement shall be modified by such Court to fully implement the rights and duties of the Parties set forth herein.

b.     **Voluntary Nature**. The Parties acknowledge that they have entered into this Agreement voluntarily, on the basis of their own judgment and without coercion, duress or undue influence of any Party, and not in reliance on any promises, representations, or statements made by the other Parties other than those contained in this Agreement. Each of the Parties hereto expressly waives any right it might ever have to claim that this Agreement was in any way induced by fraud.

c.     **Informed Consent**. Each Party to this Agreement acknowledges being represented by independent counsel of its own choice throughout all negotiations which proceeded the execution of this Agreement, and that such Party has read this entire Agreement, and been advised by such independent counsel as to the meaning of this Agreement and its legal effect, and executed it after due consideration of the advice of said independent counsel.

d.     **Further Documents**. The Parties agree to execute further documents as required to further the objectives of this Agreement.

e.     **Headings**. The paragraph headings contained in this Agreement are for convenience only and shall not be considered for any purpose in construing this Agreement.

f.     **Entire Agreement**. The Parties to this Agreement represent and warrant that they have read this Agreement in its entirety, that they fully understand their rights and obligations under this Agreement, that they have executed this Agreement freely and voluntarily, that this Agreement constitutes the entire understanding and agreement between the Parties with

279397v3/1015-082.1

respect to the matters referred to herein, and that there are no other representations, covenants, or other prior or contemporaneous agreements which are not specifically incorporated herein.

g. **Binding Agreement.** This Agreement shall be binding upon and for the benefit of the Parties and their respective successors, devisees, executors, affiliates, representatives, assigns, officers, directors, partners, agents, and employees.

h. **Governing Law.** This Agreement shall be governed and construed in accordance with the laws of the State of California applicable to contracts made and is to be performed entirely within such state. In the event of any dispute, the United States Bankruptcy Court for the Central District of California, Santa Ana Division shall be the exclusive forum to resolve such dispute.

i. **Attorney's Fees and Costs.** All Parties shall each bear the cost of their own respective attorneys' fees and costs incurred in connection with the Action and the negotiation and documentation of the settlement and compromise represented by this Agreement.

j. **Representation as to Authority to Enter Agreement.** Each Party represents and warrants that it has authority to enter into this Agreement and agree to the terms and conditions set forth herein.

k. **Time is of the Essence.** Time is of the essence as to each and every term of this Agreement.

l. **Notices.** Any notices or demands of any kind that any Party is required or desires to give or make upon the Parties and legal counsel in connection with this Agreement shall be in writing and shall be deemed to be delivered as of the date sent if via facsimile and/or email; provided that it is also served by United States first-class mail, postage prepaid, with all such notices being addressed to the other Parties and their legal representatives at the addresses set forth below their respective signature blocks.

m. **Amendments.** Any amendment, modification or other change to this Agreement must be in writing and signed by the duly authorized representative of all Parties and must expressly state the intent of the parties to amend, modify or otherwise change this Agreement.

n. **Counterparts.** This Agreement may be executed in counterparts and by facsimile signature with the same force and effect as if all original signatures were set forth in a single document. This Agreement shall not be binding until signed by both Parties.

Page 5 of 7

279397v3/1015-082.1

Exhibit "1"
Page 17

IN WITNESS WHEREOF, the parties hereto hereby execute this Agreement as of the day and year first written above.

DATED: July 11, 2015

By: _____
RICHARD A. MARSHACK
Chapter 7 Trustee for the Bankruptcy Estate of
ILANGOVAN KUPPUSAMY and
RANJANI ILANGOVAN KRISHNAN

DATED: Aug 4, 2015

By: _____
ILANGOVAN KUPPUSAMY

DATED: Aug 4, 2015

By: _____
RANJANI ILANGOVAN KRISHNAN

Page 6 of 7

279397v3/1015-082.1

**APPROVED AS TO FORM:**

MARSHACK HAYS LLP

By: _____
    D. EDWARD HAYS
    ASHLEY M. TEESDALE
    Attorneys for Plaintiff and Chapter 7 Trustee,
    RICHARD A. MARSHACK

LAW OFFICE OF DAVID BRIAN LALLY

By: _____
    DAVID BRIAN LALLY
    Attorney for Debtors,
    ILANGOVAN KUPPUSAMY and
    RANJANI ILANGOVAN KRISHNAN

279397v3/1015-082.1

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
870 Roosevelt, Irvine, CA 92620

A true and correct copy of the foregoing document entitled (*specify*): **TRUSTEE'S MOTION FOR ORDER APPROVING COMPROMISE OF CONTROVERSY BETWEEN TRUSTEE AND DEBTORS; MEMORANDUM OF POINTS AND AUTHORITIES; AND DECLARATION OF RICHARD A. MARSHACK IN SUPPORT** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **August 12, 2015**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒  Service information continued on attached page

2. **SERVED BY UNITED STATES MAIL**:  On **August 12, 2015**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

| NEW ADDR 08/11/15 | NEW ADDR 08/11/15 | PARTY IN INTEREST/DEFENDANT |
| --- | --- | --- |
| **DEBTOR** | **CO-DEBTOR** | HARIKRISHNAN KUPPUSAMY KRISHNAN |
| ILANGOVAN KUPPUSAMY | RANJANI ILANGOVAN KRISHNAN | 18617 DEVLIN AVE |
| 18617 DEVLIN AVE | 18617 DEVLIN AVE | ARTESIA, CA 90701 |
| ARTESIA, CA 90701 | ARTESIA, CA 90701 | |

☐  Service information continued on attached page

3. **SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **August 12, 2015**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.
Via Personal Delivery – August 13, 2015
PRESIDING JUDGE'S COPY
Bankruptcy Judge Honorable Catherine E. Bauer
United States Bankruptcy Court - Central District of California
Ronald Reagan Federal Building and Courthouse
411 West Fourth Street, Suite 5165 / Courtroom 5D
Santa Ana, CA 92701-4593

☐  Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| August 12, 2015 | Chanel Mendoza | */s/ Chanel Mendoza* |
| --- | --- | --- |
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*
289139v1/1015-082

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: continued:

- ATTORNEY FOR CREDITOR AMERICAN HONDA FINANCE CORPORATION :Vincent V Frounjian vvf.law@gmail.com
- ATTORNEY FOR CREDITOR C/O SETERUS, INC.: Nichole Glowin    nglowin@wrightlegal.net, bkgroup@wrightlegal.net
- ATTORNEY FOR TRUSTEE: D Edward Hays    ehays@marshackhays.com, ecfmarshackhays@gmail.com
- ATTORNEY FOR DEBTORS: Michael Jones    mike@mjthelawyer.com, michaeljonesmyecfmail@gmail.com
- PRIOR ATTORNEY FOR DEBTORS: William A Kent    WKENT1@COX.NET
- ATTORNEY FOR DEBTORS: David B Lally    davidlallylaw@gmail.com
- TRUSTEE: Richard A Marshack (TR)    pkraus@marshackhays.com, rmarshack@ecf.epiqsystems.com
- ATTORNEY FOR CREDITORS PRESLEY O. REED, STACY REED: Mike D Neue    mneue@lntlaw.com, jokeefe@lntlaw.com;nlockwood@lntlaw.com
- ATTORNEY FOR TRUSTEE: Ashley M Teesdale    ateesdale@marshackhays.com, ecfmarshackhays@gmail.com
- ATTORNEY FOR DEBTORS: Sara Tidd    sara@mjonesandassociates.com, michaeljonesmyecfmail@gmail.com
- U.S. TRUSTEE: United States Trustee (SA)    ustpregion16.sa.ecf@usdoj.gov

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*
289139v1/1015-082